

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07-10038 |
| Plaintiff, | |
| -vs- | ORDER |
| MICHELE ESTRADA, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted of two counts of bank fraud, two counts of uttering or possessing counterfeit securities, and one count of money laundering. She was sentenced on May 19, 2008, to concurrent sentences of six months imprisonment. She filed a notice of appeal and a motion for release pending appeal.

18 U.S.C. § 3143(b) sets forth the standards governing the release of convicted persons pending direct appeals:

> Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who **has filed an appeal** or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Fed. R. App. P. 9(b) sets forth the appellate rules governing release following a judgment of conviction:

> Release After Judgment of Conviction. A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Both the order and the review are subject to Rule 9(a). The papers filed by the party seeking review must include a copy of the judgment of conviction.

The United States Court of Appeals for the Second Circuit has concluded that Fed. R. App. P. 9(b) requires that the motion for release pending appeal be made in the district court:

> We do not view the language of Rule 9(b) as authorizing a defendant to make his bail motion initially in the court of appeals. Prior to 1994, the first sentence of Rule 9(b) stated specifically that "[a]pplication for release after a judgment of conviction shall be made in the first instance in the district court." Fed. R.App. P. 9(b) (1984) (amended 1994). Although that first sentence was changed in 1994, its substance was not altered, as the current first sentence focuses squarely on "review of a district-court order," Fed. R.App. P. 9(b). And while the current version of Rule 9(b) also refers to "a motion in the court of appeals," the language of the Rule makes it clear that such a motion is simply the method "by" which "[a] party entitled to do so may obtain review of a district-court order regarding release after a judgment ... if the party has already filed a notice of appeal from the judgment of conviction." Fed. R.App. P. 9(b).

United States v. Hochevar, 214 F.3d 342, 343 (2nd Cir. 2000). The Third Circuit discussed the rule in a case issued prior to the 1994 amendments to Rule 9:

> [A]n application for release after a judgment of conviction be made in the first instance to the district court, notwithstanding that the jurisdiction of the court of appeals has already attached by virtue of the appeal from the judgment of conviction. The justification for such a requirement stems from the trial court's superior capacity, at least in the first instance, to gather and sift the pertinent information necessary to the correct determination of motions for release pending appeal. Once the district court refuses release, however, Rule 9(b) permits the applicant to submit a motion for release to the court of appeals or a judge thereof.

United States v. Provenzano, 605 F.2d 85, 91 (3rd Cir. 1979).

Section 3143(b) clearly contemplates that a motion for release pending appeal cannot be made prior to the filing of the appeal. The district court clearly has been authorized to rule on the detention or release of the defendant once the notice of appeal has been filed. Should the defendant or the government take issue with the decision of the district court, Fed. R. App. P. 9(b) authorizes an appeal

from the district court's decision. Notwithstanding the filing of a notice of appeal, I make the initial determination whether the defendant should be released pending appeal.

The Eighth Circuit requires "a showing that the appeal presents 'a close question' -- not 'simply that reasonable judges could differ' -- on a question 'so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" United States v. Marshall, 78 F.3d 365, 366 (8th Cir. 1996) (*quoting* United States v. Powell, 761 F.2d 1227, 1234 (8th Cir. 1985)).

The defendant had more than a fair trial. This court acted well within its discretion in sentencing the defendant to a term of imprisonment, having taken into account all of the factors set forth in 18 U.S.C. § 3553. The defendant's appeal does not raise a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced term of imprisonment.

Now, therefore,

IT IS ORDERED that the motion for release pending appeal is denied.

Dated this 21st day of May, 2008.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Paepke*
　　　　　　　　　DEPUTY
(SEAL)